UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IGOR RIABKOV, | ) | CASE NO.  1:09 CV2693 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M.  O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| MIKE O'LEARY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the court is pro se petitioner Igor Riabrov's above-captioned petition

seeking habeas relief pursuant to 28 U.S.C. § 2241.  At the time the petition was filed, Mr.

Riabkov was being held by United States Immigration and Customs Enforcement (ICE) at Seneca

County Jail in Tiffin, Ohio.  Department of Homeland Security Supervisory Detention and

Deportation Officer Mike O'Leary is named as petitioner's "immediate custodian," while Seneca

County Sheriff Thomas Steyer and U.S. Attorney General Eric Holder are the remaining

respondents.  Mr. Riabkov argues he has been unlawfully detained by ICE since June 29, 2009.

On January 23, 2010, Mr. Riabkov was removed from the United States to his home country of Belarus. United States Attorney Steven Dettelbach filed a Motion to Dismiss the petition as moot on February 4, 2010.  For the reasons set forth below, the Motion is granted.

*Background*

Mr. Riabkov describes himself as a Belarus-Jewish national who entered the United States as a tourist on or about October 26, 1993.  He applied for asylum in June 1995 in Cleveland, Ohio.  In 1998, he was granted his first review.  "The petitioner granted a second review in August 2003, five years after his first review." (Pet. at ¶ 12.)  Mr.  Riabkov's attorney did not appear at the second review, and he later learned the attorney allegedly requested a continuance.  While trying to reach his attorney, Mr. Riabkov was ordered deported in absentia. Petitioner moved to California in 2004.  One year later, he hired new counsel to "understand what happened to his case." Mr.  Riabkov moved back to Cleveland, Ohio in 2008.

Local police officers arrested petitioner for driving while intoxicated in Parma Heights, Ohio on February 13, 2009.  He claims he was never contacted by ICE, DHS or USCIS to inform him he was ordered deported.  After initially being placed in Bedford Heights Jail on or about June 30, 2009, Mr.  Riabkov was transported to Seneca County Jail on September 17, 2009.  Since that date he complains, Mr.  O'Leary failed to release him, issue a warrant, set bond or issue a Notice to Appear.  He alleges this detention has caused "irreparable harm" and asks the court to review the "lawfulness" of his detention.

*Motion to Dismiss*

Respondents move to dismiss this action because the claims presented are moot. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." <u>L.A. County v. Davis</u>, 440 U.S. 625, 631,(1979) (quoting

<u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)). Mootness implicates Article III's "case or

controversy" requirement. <u>Gentry v. Deuth</u>, 456 F.3d 687, 693 (6th Cir.2006).  Because it is a

jurisdictional requirement, mootness can be raised at any stage of litigation. <u>See</u> <u>Midwest Media</u>

<u>Prop., LLC v. Symmes Twp.</u>, 503 F.3d 456, 460 (6th Cir.2007).

   Attached to the Motion to Dismiss is an affidavit from Deputy Chief Counsel of

ICE, Victoria A.  Christian, wherein she avers she has personal information and access to official

records regarding Igor Riabkov.  She declares under penalty of perjury that Mr. Riabkov was

removed from the United States on January 23, 2010 to his home country of Belarus.

<em>Mootness</em>

   Mr.  Riabkov's January 2010 deportation has rendered his claims for relief moot.

Petitioner sought release from detention pending his removal from the United States. Because he

has already been deported, the court can no longer grant the requested relief. <u>See Carras v.</u>

<u>Williams</u>, 807 F.2d 1286, 1289 (6th Cir.1986).  Petitioner has not replied to respondents' motion

and his petition does not show a reasonable expectation that his rights will be violated in the

future or that any future violation could not be fully litigated prior to its cessation or expiration.

<u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).

<em>Conclusion</em>

   Based on the foregoing, respondents' motion to dismiss is granted and the petition

is dismissed as moot.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from

3

this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  March 26, 2010

---

[1]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court
certifies that it is not taken in good faith.